IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SOUTHAVEN RV CENTER, INC.                                                                      PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:25-CV-159-SA-JMV

NEXTEK, LLC, FIRST COMMERCIAL BANK,
WELLS FARGO BANK, N.A.                                                                      DEFENDANTS

ORDER AND MEMORANDUM OPINION

Southaven RV Center, Inc. initiated this civil action on September 17, 2024, in the Circuit Court of Desoto County, Mississippi against NexTek, LLC, First Commercial Bank, and Wells Fargo Bank, N.A. (collectively "Defendants"). On May 27, 2025, Wells Fargo removed the action to this Court, premising jurisdiction on the basis of federal question pursuant to 28 U.S.C. § 1331.[1] Southaven RV subsequently filed a Motion to Remand [17], arguing that the basis for removal is without merit. The Motion [17] has been fully briefed and is ripe for review.

*Relevant Factual and Procedural Background*[2]

This litigation stems from a fraudulent wire transfer authorized from Southaven RV's account with First Commercial Bank to an alleged scammer in the amount of $87,706.00. Wells Fargo was the scammer's recipient bank. NexTek provided Southaven RV with security services relative to Southaven RV's computer and communications systems.

On September 18, 2023, Southaven RV received an invoice from "Michele Kennedy, LLP." [28] at p. 4. Two days later, on September 20, 2023, Southaven RV's comptroller emailed First Commercial Bank to initiate a wire transfer to Michele Kennedy, LLP in payment of the

---

[1] NexTek, LLC and First Commercial Bank consented to the removal. *See generally* [3, 4].
[2] The following factual recitation is derived from the allegations in Southaven RV's First Amended Complaint [28].

invoice. On the same date, First Commercial Bank executed the wire transfer to the recipient bank, Wells Fargo. However, Southaven RV alleges that on September 21, 2023 the wire had not been accepted nor made available to the beneficiary (the scammer) due to a fraud hold placed on the transfer by Wells Fargo.

Southaven RV alleges that it was notified of the fraud investigation via voicemail by a Wells Fargo employee, and the Senior Managing Director of First Commercial Bank was notified of the investigation via text message. According to Southaven RV, it received confirmation from Wells Fargo on September 22, 2023 that the wire transfer had been flagged as fraudulent and that the funds were available to be returned to First Commercial Bank. On the same day (September 22, 2023), Southaven RV directed First Commercial Bank to send a wire recall to Wells Fargo, and First Commercial Bank did so.

Ultimately, the funds were not returned to Southaven RV's account with First Commercial Bank. On September 26, 2023, Wells Fargo notified First Commercial Bank that it was unable to comply with the wire recall as there were no funds available to return. Southaven RV alleges that both First Commercial Bank and Wells Fargo failed to timely act to recall the wire and instead worked on effectuating an indemnification agreement between them.

Southaven RV brings state law claims against NexTek for negligence, negligent misrepresentation, and breach of contract as a result of the alleged security breach to Southaven RV's computer system. It also brings claims against First Commercial Bank for violation of Article 4A of the Uniform Commercial Code, as codified in Mississippi, and for common law negligence and negligent misrepresentation.[3] With respect to the claims against Wells Fargo, Southaven RV

---

[3] Southaven RV alleges that "[a]t this time, [it] is without information sufficient to confirm which state(s)' adoption of the UCC applies to the current transaction. As such…[it] brings alternate claims under the adoption of Article 4A by the states of Mississippi, Minnesota, and California." [28] at p. 13.

brings similar claims against it; however, the parties dispute whether those claims raise issues of federal law. Specifically, as addressed in more detail hereinafter, the dispute between the parties surrounds Southaven RV's allegations that Wells Fargo failed to comply with the Bank Secrecy Act ("BSA"); OFAC, Know Your Customer, and FDIC regulations; and subpart B of the Federal Reserve Board's Regulation J ("Regulation J").

Wells Fargo removed the action to this Court on May 27, 2025, alleging that "this Court has original jurisdiction over [Southaven RV's] federal claims because the BSA and the aforementioned federal regulations are creatures of federal law." [1] at p. 2-3. On June 17, 2025, Southaven RV moved to remand the action to state court, contending that Wells Fargo's basis for removal is meritless. *See* [17].[4] Wells Fargo opposes the Motion [17].

*Removal Standard*

"'Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.'" *Trend Intermodal Chassis Leasing LLC v. Zariz Transp. Inc.*, 711 F. Supp. 3d 627, 634 (N.D. Tex. 2024) (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "The Court 'must presume that a suit lies outside this limited jurisdiction[.]'" *Id*. (quoting *Howery v. Allstate Ins. Co.*, 242 F.3d 912, 916 (5th Cir. 2001)). Accordingly, "'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.'" *Id*. (quoting *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

After a case is removed to federal court, a plaintiff may move for remand. 28 U.S.C. § 1447(c). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The

---

[4] Through its Motion [17], Southaven RV also requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) based on Wells Fargo's alleged improper removal.

Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Remand is proper "[i]f at any time…it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

*Analysis and Discussion*

Again, Wells Fargo alleges that this Court has jurisdiction under 28 U.S.C. § 1331. Otherwise known as federal question jurisdiction, "[f]ederal district courts have jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Howery*, 243 F.3d at 916 (quoting 28 U.S.C. § 1331). "In determining whether a case 'arises under federal law' we look to whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'" *Id.* (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)).[5] "A case arises under federal law… if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Martinez v. Disa Glob. Sols. Inc.*, 2018 WL 10854568, at *7 (W.D. Tex. Sept. 7, 2018) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)) (internal quotation marks omitted).

From the outset, Wells Fargo clarifies its basis for removal. In its Response Memorandum [25], it explains that its removal of the case is "based on the purported federal causes of action alleged, not a state law claim that depends on the resolution of federal law." [25] at p. 9. Wells

---

[5] "The plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law." *Id.* at n. 12 (quoting *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir.1988)) (internal quotations marks omitted).

4

Fargo also asserts that it was not required to provide any analysis concerning federal preemption for the same reason—removal was based on Southaven RV "purportedly asserting" federal causes of action. *See id.*[6] Accordingly, the narrow issue before the Court is whether Southaven RV has asserted a cause of action created by federal law. *See Howery*, 243 F.3d at 917; *see also Martinez*, 2018 WL 10854568 at *7. The Court looks to the allegations of the First Amended Complaint [28] to make that determination.

> The relevant portions of the First Amended Complaint [28] provide as follows:
>
>> 26. Prior to the wire transfer, Wells Fargo knew the bank account and its holders were tainted by fraud. It failed to comply with the Bank Secrecy Act ("BSA") as amended by the Patriot Act, 31 U.S.C. §§ 5311, et seq.; failed to comply with OFAC, Know Your Customer, FDIC regulations, internal standards and policies; and failed to comply with common law duties by allowing the bank account to be opened and maintained in spite of knowledge of the fraudulent nature of the account and its holders.
>>
>> 49. The actions of both banks were not in compliance with subpart B of the Federal Reserve Board's Regulation J (12 C.F.R. §§ 210.25-210.32 (2004)), which governs wire transfers through the Fedwire System. Regulation J specifically incorporates article 4A of the UCC (12 C.F.R. § 210.25(b)(1)). This noncompliance bolsters Southaven RV's claims under Article 4A and common law. It also supports a finding by the jury that both banks failed to act with good faith and fair dealing.

[28] at p. 7, 12-13.

Wells Fargo argues that, based on the above-referenced allegations, Southaven RV "purports to state a federal cause of action under the Bank Secrecy Act ('BSA') and the Federal

---

[6] For context, Southaven RV provides some argument in its Memorandum [18] concerning federal preemption and the reasons why federal question jurisdiction is not established in that manner. It is true that the "complete preemption" doctrine provides an exception to the well-pleaded complaint rule allowing for federal question jurisdiction in instances where "Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). The Court need not address this nonissue since Wells Fargo makes clear that it did not base removal on this doctrine.

Reserve Board's Regulation J ('Regulation J')." [25] at p. 4.[7] The Court will address these arguments in turn.

I. BSA

With respect to Wells Fargo's contention that Southaven RV has pled a federal cause of action under the BSA, Southaven RV argues that federal law does not recognize a private right of action under the BSA and therefore it is not a basis to confer federal question jurisdiction. The Court agrees.

District courts within the Fifth Circuit have consistently held that the BSA "does not create a private right of action[.]" *Douglas v. Trustmark Nat'l Bank*, 201 F. Supp. 3d 800, 807 (S.D. Miss. 2016); *see also Killion v. Truist Bank*, 2025 WL 1531580, at *5 (N.D. Tex. May 29, 2025) ("[T]he Bank Secrecy Act does not create a private right of action."); *see also Sols. v. First State Bank of Brownsboro*, 2020 WL 12991132, at *7 (E.D. Tex. Apr. 16, 2020) (same); *Lee v. Jeung-Ho Park*, 2024 WL 4871740, at *2 (S.D. Tex. Sept. 27, 2024) (same). In *Killion*, the District Court for the Northern District of Texas considered whether the plaintiff's allegation that the defendant bank violated the BSA supported federal question jurisdiction. 2025 WL 1531580 at *4. There, the court held that, because the BSA does not create a private right of action, the assertion of a BSA "claim" did not create a basis for removal of the plaintiff's original complaint. *Id.* at *5.

In a procedurally similar case, the District Court for the Western District of Texas held that a plaintiff's claim under HIPAA was insufficient to confer federal question jurisdiction because there is no private right of action under HIPAA. *Martinez*, 2018 WL 10854568 at *6.

---

[7] Though it generally acknowledges that Southaven RV alleges violations of "other federal laws," Wells Fargo does not argue that a federal cause of action is pled under the OFAC, Know Your Customer, and FDIC regulations. *Id.* at p. 5. As such, the Court need not address those regulations to resolve the issue at hand.

Although Wells Fargo argues that Southaven RV is attempting to "jettison" its federal claim brought under the BSA, as *Killion* and *Martinez* make clear, where no private right of action exists under federal law for the claim asserted, this Court cannot exercise federal question jurisdiction. For this reason, the Court reject's Wells Fargo's argument as to the BSA.

II.  Regulation J

Wells Fargo's basis for removal is also premised on Southaven RV's assertion that it failed to comply with Regulation J—a federal regulation promulgated under the Federal Reserve Act.[8] Specifically, Wells Fargo argues that Southaven RV did not disclaim any federal causes of action in the First Amended Complaint [28] giving rise to federal question jurisdiction "under Regulation J." [25] at p. 7. This argument clearly misses the mark.

As noted previously, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Zariz*, 711 F. Supp. 3d at 634 (internal quotation marks and citations omitted). The Court declines to infer that federal question jurisdiction exists solely because Southaven RV did not disclaim federal claims. Wells Fargo provides no further argument to support its basis for removal with respect to the purported Regulation J claim. Absent further argument for the Court to consider in this regard, the Court presumes that this case lies outside of its limited jurisdiction. *See id.* Notwithstanding this finding, and out of an abundance of caution, the Court will address whether a federal cause of action exists under Regulation J.

A brief overview of Regulation J is warranted. "Subpart B of Federal Reserve Regulation J, 12 C.F.R. §§ 210.25-210.32, applies to wire transfers that occur via the Fedwire." *Hutchins v. Mod. Woodmen Fraternal Fin.*, 978 F. Supp. 2d 637, 642 (S.D. Miss. 2013) (citing 12 C.F.R. §

---

[8] *See AmSouth Bank v. Dale*, 386 F.3d 763, 776-777 (6th Cir. 2004) (explaining that the Federal Reserve Act, 12 U.S.C. § 221, et seq., is the enabling statute for Regulation J.)

210.25(a)).[9] "Regulation J incorporates the provisions of Article 4A of the U.C.C. to provide rules to govern funds transfers through Fedwire and governs the rights and obligations of parties to a funds transfer any part of which is carried out through Fedwire[.]" *Id.* (quoting 12 C.F.R. § 210.25(a); (b)(2)(v)) (internal quotation marks omitted).

As Southaven RV points out, Wells Fargo does not argue that Regulation J creates a private right of action under federal law. In its Response Memorandum [25], Wells Fargo does not respond to this particular argument. Neither party direct the Court to relevant case law on this issue.

There exists limited authority addressing whether Regulation J creates a private right of action and the Court is unaware of any such authority within the Fifth Circuit.[10] Nonetheless, the Supreme Court has held that "[p]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001). Thus, the "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not[.]" *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 520 (5th Cir. 2002) (quoting *Alexander*, 532 U.S. at 291, 121 S. Ct. 1511) (internal quotation marks omitted).

The Court notes that some out-of-circuit district courts, relying in part on *Alexander*, have recently found that Regulation J does not create a private right of action. *See Clayton v. Dollar Bank*, 2021 WL 4552966, at *7 (W.D. Pa. Oct. 5, 2021) ("Because the better view is that there is no private cause of action under Regulation J, the court will remand on this basis, as well."); *see*

---

[9] "'Fedwire,' is a 'funds-transfer system owned and operated by the Federal Reserve Banks that is used primarily for the transmission and settlement of payment orders governed by 12 C.F.R. § 210.25 et seq.'" *Id.* (quoting 12 C.F.R. § 210.26(e)).
[10] In *Texas Brand Bank v. Luna & Luna, LLP*, the District Court for the Northern District of Texas was faced with the question but did not address it and instead assumed *arguendo* that federal law did not create the plaintiff's claims brought under Regulation J. 2014 WL 11515857, at *2 (N.D. Tex. Aug. 29, 2014). The court found that federal jurisdiction existed on alternative grounds. *Id.* at *3.

8

also *Ryan Consulting LLC v. FirstBank Puerto Rico*, 2024 WL 5412287, at *6 (D.P.R. Dec. 6, 2024) ("The Court holds that Regulation J does not create a private right of action."). The Court finds these cases persuasive. Southaven RV's allegation that the bank defendants failed to comply with Regulation J does not confer federal question jurisdiction for the same reason explained above in relation to the BSA. Again, Wells Fargo has provided *no* argument in this regard despite its burden to establish federal question jurisdiction as its basis for removal.

For the foregoing reasons, the Court finds that Wells Fargo has failed to meet its burden in establishing that federal jurisdiction exists. This case is due to be remanded.

III. *Attorney's Fees and Costs*

As a final matter, the Court will consider Southaven RV's request for attorney's fees and costs associated with the removal.

"Pursuant to 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Midland Funding, LLC v. Foth*, 2014 WL 3749133, at *2 (N.D. Miss. July 29, 2014) (internal quotation marks and citations omitted). "However, the Fifth Circuit has held that 'there is no automatic entitlement to an award of attorney's fees.'" *Id.* (quoting *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)); *see also Robin v. Creighton-Smith*, 488 F. Supp. 3d 459, 466 (E.D. La. 2020) ("Section 1447 does not 'embody either a strong preference for or a strong preference against fee awards.'") (quoting *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009)).

Absent unusual circumstances, a court may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Foth*, 2014 WL 3749133 at *2 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163

9

L. Ed. 2d 547 (2005)) (internal quotation marks omitted). "If the removing party, 'could conclude from the case law that its position was not an unreasonable one' at the time of removal, then it had an objectively reasonable basis for removal." *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Additionally, "[d]istrict courts in this circuit have ruled that it is not objectively unreasonable for a defendant to remove where the complaint is unclear on whether plaintiff's claims sound in state or federal law." *Id.* (citations omitted).

Southaven RV argues that Wells Fargo failed to provide legal support in its Notice of Removal [1] and therefore did not have an objectively reasonable basis for removing the case. Wells Fargo responds that the First Amended Complaint [28] "stated the claim in an intentionally vague fashion" and that it should not be held liable for [Southaven RV's] failure to state its causes of action with clarity." [25] at p. 13.

As noted above with respect to Regulation J, the Court is unaware of any Fifth Circuit precedent addressing whether Regulation J creates a private right of action. Though, as noted above, Wells Fargo provides only conclusory arguments pertaining to Regulation J, the Court does not find that Wells Fargo "could" have concluded from case law that its position was unreasonable precisely due to the lack of binding precedent on the issue. *Thomas*, 751 F. App'x at 540. In requesting attorney's fees and costs, Southaven RV does not raise any argument other than generally alleging that Wells Fargo failed to provide legal support. This argument is likewise conclusory in the Court's view.

In sum, although Wells Fargo's Notice of Removal [1] was substantively deficient, the Court finds that an award of attorney's fees and costs is not appropriate in this case. In making its determination, the Court has also considered "Congress' desire to deter removals intended to

prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 133, 126 S. Ct. 704. The imposition of attorney's fees and costs is not warranted here.

*Conclusion*

For the reasons set forth above, Southaven RV's Motion to Remand [17] is GRANTED. It is hereby ORDERED that this case be REMANDED to the Circuit Court of Desoto County, Mississippi for further proceedings. The Clerk of Court shall take all steps necessary to accomplish this remand. Additionally, Southaven RV's request for attorney's fees and costs is DENIED.

SO ORDERED, this the 14th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE